### GEORGE W. GARRETT v. MERCANTILE NATIONAL BANK AT DALLAS, ET AL.

No. 8075. Decided February 17, 1943.
(168 S. W., 2d Series, 636.)

*Dibrell & Snodgrass* and *J. B. Dibrell, Jr.,* of Coleman, for petitioner.

*Golden, Croley & Howell,* of Dallas, for respondent.

MR. CHIEF JUSTICE ALEXANDER delivered the opinion of the Court.

The Court of Civil Appeals dismissed the appeal in this case because it was of the opinion that the transcript had not been filed within the time required by law.

The Legislature in 1939 enacted a statute known as a rule-making power bill (Vernon's Texas Statutes Art. 1731a), which became a law on May 15, 1939. The material portions of this Act are as follows:

"Section 1. In order to confer upon and relinquish to the Supreme Court of the State of Texas full rule-making power in civil judicial proceedings, all laws and parts of laws governing the practice and procedure in civil actions are hereby repealed, such repeal to be effective on and after September 1, 1941. Provided, however, that no substantive law or part thereof is hereby repealed.

"Sec. 2. The Supreme Court is hereby invested with the full rule-making power in the practice and procedure in civil actions. Such rules shall not abridge, enlarge or modify the substantive rights of any litigant. Such rules, after promulgation by the

Supreme Court, shall be filed with the Secretary of State and a copy thereof mailed to each elected member of the Legislature on or before December 1st immediately proceding the next Regular Session of the Legislature and shall be reported by the Secretary of State to the Legislature, and, unless disapproved by the Legislature, such rules shall become effective upon September 1, 1941;* *" Acts of 1939, 46th Leg., Reg. Sess., p. 201.

Pursuant to the above Act, the Supreme Court adopted Rules of Civil Procedure for this State, which became effective September 1, 1941. Among these rules was Rule 386, which requires that in an appeal from the trial court to the Court of Civil Appeals the transcript shall be filed in the Court of Civil Appeals within sixty days after the overruling of the motion for new trial.

The Legislature, at the same session, by an Act which became a law June 7, 1939, amended Revised Statutes Article 2092 so as to read in part as follows:

"Art. 2092. Rules of practice and procedure. The following rules of practice and procedure shall govern and be followed in the Civil District Courts in counties having two (2) or more District Courts with civil jurisdiction only, whose terms continue three (3) months or longer and in all civil litigation in counties having five (5) or more District Courts with either civil or criminal jurisdiction or both civil and criminal jurisdiction:

 *  *  *  *  *  *

"31. Appeal Bonds Filed, When. In appeals from such civil District Courts the appeal bond shall be filed within thirty (30) days after the judgment or order appealed from is rendered, if no motion for new trial is filed, and if a motion for new trial is filed, the appeal bond shall be filed within thirty (30) days after the motion for new trial is overruled. In such appeals the statement of facts and bills of exception shall be filed within ninety (90) days after the judgment is rendered if there is no motion for new trial, but if there is a motion for new trial then ninety (90) days after motion for new trial is overruled." Acts of 1939, 46th Leg., Reg. Sess., p. 205.

■ Section 31 of the above Act permits the filing of the statement of facts and bills of exception within ninety days after the overruling of motion for new trial, and while it does not

expressly designate the time within which the transcript must be filed, this Court has held that by implication the above statute permits the filing of the transcript within ninety days after the overruling of the motion for new trial. Hanks v. Texas Employers Ins. Assn., 133 Texas 187, 128 S. W. (2d) 1. The appeal in this case was from one of the district courts of Dallas County, where there are five or more district courts. The transcript was filed in the Court of Civil Appeals on the eightieth day after the overruling of the motion for new trial. It is apparent therefore that if the time for the filing of the transcript is controlled by court Rule 386, the transcript was not filed in time; but if it is controlled by the amendment to Article 2092, above referred to, then it was filed within time.

■ The two Acts, the rule-making power bill (Art. 1731a) and the amendment to Article 2092, were enacted at the same session of the Legislature, and consequently, under well established principles of law, they are in pari materia, and it is presumed that they were actuated by the same policy and imbued with the same spirit; and accordingly, in ascertaining the legislative intent, they will be read together, each in the light of the other, as though they were embraced in one Act or were supplemental to each other. 39 Tex. Jur. 259; Southern Pac. Co. v. Sorey, 104 Texas 476, 140 S. W. 334; McGrady v. Terrell, 98 Texas 427, 84 S. W. 641; Houston & T. C. R. Co. v. State, 95 Texas 507, 68 S. W. 777; Myers v. Crenshaw, 134 Texas 500, 137 S. W. (2d) 7.

■ The two Acts, when so read together,· are in our opinion susceptible of but one construction, and that is that the amendment to Article 2092, in so far as it dealt with the procedure to be followed in civil cases, should control in the counties to which it was applicable until rules adopted by the Supreme Court under the rule-making power bill should become effective on September 1, 1941; but if and when such rules should become effective, then the amendment to Article 2092, in so far as it pertains to civil procedure, should no longer be operative. The rule-making power bill by Section 1 confers upon and relinquishes to the Supreme Court *"full rule-making power in civil judicial proceedings,"* and repeals *"all laws and parts of laws governing the practice and procedure in civil actions,"·* the repeal to be effective on and after September 1, 1941. Section 2 of the same Act repeats that the Supreme Court is "hereby invested with the *full rule-making power* in the practice and

procedure in civil actions." The broad and sweeping language thus used by the Legislature evidences an intent to invest in the Supreme Court complete authority to prescribe all the rules of procedure in all civil actions and that *all statutes relating to civil procedure* should be inoperative on and after September 1, 1941. This was broad enough to evidence an intention that all procedural statutes, including those passed at the same session of the Legislature, should become inoperative on and after September 1, 1941. Any contrary holding would deprive the Supreme Court of the "full rule-making power," so specifically provided for in the rule-making power bill, and would not result in a repeal of "all laws and parts of laws governing the practice and procedure in civil proceedings," as provided for therein. The fact that the Legislature saw fit to enact, at the same session at which it enacted the rule-making power bill, another statute prescribing the procedure to be followed in certain civil actions is not inconsistent with the above expressed purpose of the Legislature. This is so because it was necessary to have some sort of procedure to be followed until such rules should become effective, and it was doubtless the intention of the Legislature that the procedural statute so enacted should control until the Supreme Court could set up the rules to take its place.

Since this appeal was controlled by the provisions of T. R. C. P. 386, and the transcript was not filed within the time therein provided, the Court of Civil Appeals properly dismissed the appeal.

The judgment of the Court of Civil Appeals is affirmed.

Opinion delivered February 17, 1943.