This is a workmen's compensation suit involving the right of the surviving wife, as a beneficiary, to recover compensation for the death of her husband who died 378 weeks after the date *Page 644 
of his injury and who had fully settled his claim with the insurance carrier.
On January 23, 1934, A.N. Hart, respondent's husband, sustained injuries in the course of his employment as a pumper for the Gulf Pipe Line Company in Wichita County. He timely filed his claim with the Industrial Accident Board and, following an adverse ruling, filed suit by way of appeal in the District Court of Wichita County on October 13, 1934, to set aside the order of the Board and to recover maximum compensation for 401 weeks on the basis of total and permanent incapacity. Thereafter an agreement to compromise and settle the suit for $3,375.00 was made and the settlement was approved by the trial court as fair, just and reasonable. On April 24, 1941, 378 weeks after the date of his injury, A.N. Hart died from such injury.
Thereafter respondent filed her claim with the Industrial Accident Board as sole beneficiary, claiming compensation for 360 weeks. From an adverse ruling of the Board she filed this suit in the District Court of Wichita County. In the trial of the case the parties stipulated that the compensation rate was $19.38 per week and further stipulated the same facts substantially as above stated. The trial court concluded that the respondent was not entitled to recover and rendered judgment for the petitioner. Respondent appealed to the Court of Civil Appeals, which court reversed the judgment of the district court and rendered judgment allowing respondent compensation for 185 weeks at the agreed rate of $19.38 per week, beginning one week after April 24, 1941, the date of the death of the deceased employee. The recovery was based upon 360 weeks at the agreed compensation rate, less the $3,375.00 paid to the deceased pursuant to the compromise settlement. 170 S.W.2d 491.
It is the contention of the petitioner that the respondent is not entitled to recover because the compensation paid to her husband under the terms of the settlement agreement covered and included the 360 weeks immediately following the date of the injury. This contention was overruled by the Court of Civil Appeals which held, in effect, that the compensable period for the beneficiary should not be computed from the date of the injury but from the date of the death of the employee. It was upon this holding that this court granted the writ of error.
Section 8 of Article 8306, Vernon's Ann. Civ. St., provides that if death should result from the injury the legal beneficiaries may recover compensation "for a period of three hundred and sixty weeks from the date of the injury." Section 8b of the same *Page 645 
article provides that in case death occurs from the injury after a period of total or partial incapacity, for which compensation has been paid, "the period of incapacity shall be deducted from the total period of compensation and the benefits paid thereunder from the maximum allowed for the death."
Section 8 defines the period of compensation for beneficiaries in the event of death of the employee just as Section 10 of the same article defines the length of time during which compensation may be paid to an employee in case of an injury. Section 8b covers an entirely different subject. It deals with the right of the insurer, in case of death of the employee, to deduct what is paid prior to death for total or partial incapacity. It is logical and just that the deduction is limited to the compensation which has been paid. However, this provision does not change or extend the length of time during which the compensation is to be paid, which is 360 weeks from the date of the injury, the maximum allowed for death.
In the case of Texas Employer's Ins. Ass'n. v. Guidry,128 Tex. 433, 99 S.W.2d 900, this court, in construing Section 10 of Article 8306, held that the term "date of injury," as used therein, contemplated the inception of the injury and not necessarily the beginning of the incapacity, and further held that in case of injury to an employee which results in total incapacity, the employee, in no event, is entitled to compensate for such incapacity beyond the period of 401 weeks from the date the injury occurred. We have concluded that this same principle must be applied in the instant case where the beneficiary seeks recovery for the death of the employee under the provisions of Section 8, which limits the compensation period to 360 weeks. The employee having lived beyond 360 weeks from the date of his injury, the compensation period under Section 8 had expired before his death and no cause of action ever came into existence, or now exists, in favor of the beneficiary. In making this holding we express no opinion as to the rights of heirs or legal representatives suing as such to recover unpaid compensation due the deceased employee at the time of his death. Such a case is not before us. The respondent is not suing as an heir for unpaid compensation due her husband during his lifetime but sues as a beneficiary for compensation due her as such.
The judgment of the Court of Civil Appeals will be reversed and the judgment of the trial court will be affirmed.
Opinion adopted by the Supreme Court November 10, 1943.
Rehearing overruled December 1, 1943. *Page 646 
[EDITORS' NOTE: THIS PAGE IS BLANK.] *Page 647 
 AMENDMENTS TEXAS RULES OF CIVIL PROCEDURE BY SUPREME COURT OF TEXAS Effective December 31, 1943 For original rules and former amendments see 136 Tex. 447-677 and 137 Tex. 673-701. ORDER
IT IS ORDERED By the Supreme Court of Texas, this the 16th day of June, 1943, that the following amendments are made to the following designated rules of the rules of practice and procedure in civil actions in the various courts of this State, originally adopted and promulgated by this Court on the 29th day of October, 1940, amended March 31, 1941, and again amended September 20, 1941, and filed with the Secretary of State;
IT IS FURTHER ORDERED That the notes at the foot of these rules are not made as parts of the respective rules, but are made for the convenience of the Bench and Bar, in furtherance of the work in that respect of the committee appointed by this Court on the 10th day of January, 1940; the undated notes being those carried in such original draft as adopted October 29, 1940, and the notes accompanied by a showing of date being amended or supplied on the dates or effective dates so indicated;
IT IS FURTHER ORDERED That such amended rules, and for convenience such appended notes, shall be filed by the Clerk of this Court, for and in behalf and as the act of this Court, by means of a duplicate original copy of this order, with the Secretary of State, and that publication of this order, including such amended rules and such appended notes, shall by the Clerk of this Court, for and in behalf and as the act of this Court, be made in the TEXAS BAR JOURNAL immediately, accompanied by the remainder of the rules and notes not now amended;
IT IS FURTHER ORDERED that in such publication the designation "December, 1943," be placed by centering the same *Page 648 
above each of the rules now so amended, and that the contextual statutes shall be repeated as heretofore;
 RULES
IT IS FURTHER ORDERED That the rules now so amended and the appended notes shall read as follows:
Rule 2. SCOPE OF RULES. — These rules shall govern the procedure in the justice, county, district, and appellate courts of the State of Texas in all actions of a civil nature, with such exceptions as may be hereinafter stated. Where any statute in effect immediately prior to September 1, 1941, prescribed a rule of procedure in lunacy, guardianship, or estates of decedents, or any other probate proceedings in the county court differing from these rules and not included in the "List of Repealed Statutes," such statute shall apply; and where any statute in effect immediately prior to September 1, 1941, and not included in the "List of Repealed Statutes," prescribed a rule of procedure in any special statutory proceeding differing from these rules such statute shall apply. All statutes in effect immediately prior to September 1, 1941, prescribing rules of procedure in bond of recognizance forfeitures in criminal cases are hereby continued in effect as rules of procedure governing such cases, but where such statutes prescribed no rule of procedure in such cases, these rules shall apply. All statutes in effect immediately prior to September 1, 1941, prescribing rules of procedure in tax suits are hereby continued in effect as rules of procedure governing such cases, but where such statutes prescribed no rules of procedure in such cases, these rules shall apply.
Source: Federal Rule 1, adapted to Texas practice.
By amendment effective December 31, 1941, all matter after the first sentence was added, except the following, which was added by amendment effective December 31, 1943: the words, "and not included in the `List of Repealed Statutes'" in the first clause of the second sentence and the words, and where any statute in effect immediately prior to September 1, 1941, and not included in the `List of Repealed Statutes' prescribed a rule of procedure in any special statutory proceeding differing from these rules such statute shall apply," in the second clause.
These amendments make clear the inapplicability of the rules to special statutory proceedings, in so far as statutory rules of procedure are specifically prescribed for such proceedings and differ from these rules. These special proceedings appear under the following titles in the Revised Civil Statutes:
"Adoption; apprentices; arbitration; assignments for creditors; election contests; eminent domain (condemnation); escheat; estates of decedents, minors, persons non compos mentis and habitual drunkards, except appeal and certiorari; exemption of homestead, (determining excess); feeble minded persons, proceedings for; fences; husband and wife (emancipation, etc., divorce); minors (removal of disabilities); name (change of); officers (removal of); lunacy proceedings; juvenile courts (custody of delinquent children); rights of married women."
These are also some special proceedings of a civil nature provided for in the Penal Code. See in this connection Hallum v. Texas Liquor Control Board, 166 S.W.2d 175 (error refused). *Page 649 
Rule 18. WHEN JUDGE DIES DURING TERM, RESIGNS OR IS DISABLED. — If the judge dies, resigns, or becomes unable to hold court during the session of court duly convened for the term, and the time provided by law for the holding of said court has not expired, such death, resignation, or inability on the part of the judge shall not operate to adjourn said court for the term, but such court shall be deemed to continue in session. If a successor to such judge shall qualify and assume office during the term, or if a judge be transferred to said district from some other judicial district, he may continue to hold said court for the term provided, and all motions undisposed of shall be heard and determined by him, and statements of facts and bills of exception shall be approved by him. If the time for holding such court expires before a successor shall qualify, and before a judge can be transferred to said district from some other judicial district then all motions pending, including those for new trial, shall stand as continued in force until such successor has qualified and assumed office, or a judge has been transferred to said district who can hold said court, and thereupon such judge shall have power to act thereon at the succeeding term, or on an earlier day in vacation, on notice to all parties to the motion and such orders shall have the same effect as if rendered in term time. The time for allowing statement of facts and bills of exception from such orders shall date from the time the motion was decided.
Source: Art. 2288.
Amendment effective December 31, 1943: The square-bracketed wording following was in Rule 18 and has been eliminated; the italicized wording has been added:
Rule 18. WHEN JUDGE DIES DURING TERM, Resigns or Is Disabled.— If the judge dies, resigns, or becomes unable to hold court
during the session of court duly convened for the term, and the time provided by law for the holding of said court has not expired, such death, resignation or inability on the part of thejudge shall not operate to adjourn said court for the term, but [the court shall be deemed at recess for not exceeding six days, and if no successor be appointed or elected during said recess, or if a person appointed or elected does not qualify and assume the duties of office during said recess, then the court shall be deemed to have adjourned] such court shall be deemed to continuein session. If a successor to such judge shall qualify and assume office during [said recess] the term, or if a judge betransferred to said district from some other judicial district,
he may continue to hold said court for the term [as] provided, and all motions undisposed of shall be heard and determined by him, and statements of facts and bills of exception shall be approved by him. If the time for holding such court expires [or *Page 650 
the recess expire] before a successor shall qualify, and beforea judge can be transferred to said district from some otherjudicial district, then all motions pending, including those for new trial, shall stand as continued in force until such successor has qualified and assumed office, or a judge has been transferredto said district who can hold said court, and thereupon suchjudge [and he] shall have power to act [on them] thereon at the succeeding term, or on an earlier day in vacation, on notice to all parties to the motion, and such orders shall have the same effect as if rendered in term time. The time for allowing statement of facts and bills of exception from such orders shall date from the time the motion was decided.
The Legislature has passed a statute that authorizes the presiding judge of a judicial administrative district to transfer a judge to a district where the regular judge has died, resigned, or become disabled; hence the changes in the above rule.
Rule 19. NON-ADJOURNEMENT OF TERM. — Every term of court shall commence and convene by operation of law at the time fixed by statute without any act, order, or formal opening by a judge or other official thereof, and shall continue to be open at all times until and including the last day of the term unless sooner adjourned by the judge thereof.
Change: The former rule has been reversed because of the growing prevalence of so-called continuous terms.
Rule 35. ON OFFICIAL BONDS. — In suits brought by the State or any county, city, independent school district, irrigation district, or other political subdivision of the State, against any officer who has held an office for more than one term, or against any depository which has been such depository for more than one term, or has given more than one official bond, the sureties on each and all such bonds may be joined as defendants in the same suit whenever it is difficult to determine when the default sued for occurred and which set of securities on such bonds is liable therefor.
Source: Art. 1989, unchanged, except that by amendment effective December 31, 1943, "irrigation district, or other political subdivision of the State," was interpolated, the second "or" omitted, and a comma placed after "city."
Rule 77. LOST RECORDS AND PAPERS. — When any papers or records are lost or destroyed during the pendency of a suit, the parties may, with the approval of the judge, agree in writing on a brief statement of the matters contained therein; or either party may supply such lost records or papers as follows:
a. After three days' notice to the adverse party or his attorney, make written sworn motion before the court stating the *Page 651 
loss or destruction of such record or papers, accompanied by certified copies of the originals if obtainable, or by substantial copies thereof.
b. If, upon hearing, the court be satisfied that they are substantial copies of the original, an order shall be made substituting such copies or brief statement for the originals.
c. Such substituted copies or brief statement shall be filed with the clerk, constitute a part of the cause, and have the force and effect of the originals.
Source: Art. 2289, unchanged, except that by amendment effective December 31, 1943, subdivision b has been reworded.
Rule 86. PLEA OF PRIVILEGE. — A plea of privilege to be sued in the county of one's residence shall be in writing and sworn to, and shall state that the party claiming such privilege was not, at the institution of such suit, nor at the time of the service of process therein, nor at the time of filing such plea, a resident of the county in which suit was instituted, and shall state the county of his residence, and the post-office address of himself or his attorney and that "no exception to exclusive venue in the county of one's residence provided by law exists in said cause"; and such plea of privilege when filed shall be prima facie proof of the defendant's right to change of venue; provided that such plea shall not constitute a denial under oath of any allegations of plaintiff's petition required to be denied under oath by Rule 93 unless specifically alleged in such plea. If the plaintiff desires to controvert the plea of privilege, he shall within ten days after appearance day if the plea of privilege is filed in vacation, or if not, within ten days after appearance day or after the filing of the plea of privilege, whichever is the later date, file a controverting plea under oath, setting out specifically the grounds relied upon to confer venue of such cause on the court where the cause is pending.
Source: Art. 2007 as amended Acts 1939, 46th Leg., p. 204, sec. 1.
Change: The plea of privilege is required to state the post-office address of the defendant or his attorney. The time allowed for filing a controverting affidavit has been increased to ten days.
Change by amendment of March 31, 1941: The word "or" changed to read "of" between "service" and "process."
Change by amendment effective December 31, 1943: In the last sentence, above, the wording beginning, "if the plea" and ending, "whichever is the later date" has been added.
Rule 87. HEARING ON PLEA. — Upon the filing of such controverting plea the judge or justice of the peace shall note on same a time for a hearing on the plea of privilege. Setting of the date for such hearing and the notation thereof may be *Page 652 
made by such judge or justice of the peace anywhere he may be found, either within or without the county where the suit is pending. Such hearing, unless the parties agree upon the date, shall not be had until a copy of such controverting plea, including a copy of such notation thereon, shall have been mailed by registered mail to the defendant or his attorney at the post-office address stated in such plea of privilege, or shall have been delivered to defendant or his attorney, at least ten days before the date set for hearing, after which the court shall promptly hear such plea of privilege and enter judgment thereon.
Source: Art. 2008 (part).
Change: Service of notice of the controverting affidavit by registered mail is substituted for service by officer. Provision for appeals from order sustaining or overruling pleas of privilege is made in Art. 2008, which is deemed jurisdictional in so far as it grants the right to appeal, and hence not repealed. This part of 2008 is carried for context following Rule 384. See also Rule 385, which prescribes the procedure for appeals, when allowed, from interlocutory orders.
Change by amendment effective December 31, 1941: The second sentence has been added.
Change by amendment effective December 31, 1943: The words "or shall have been delivered to defendant or his attorney" have been interpolated between the words "privilege" and "at."
Rule 89. TRANSFERRED IF PLEA IS SUSTAINED. — If a plea of privilege is sustained, the cause shall not be dismissed, but the court shall transfer said cause to the proper court; and the cost incurred prior to the time such suit is filed in the court to which said cause is transferred shall be taxed against the plaintiff. The clerk shall make up a transcript of all the orders made in said cause, certifying thereto officially under the seal of the court, and send it with the original papers in the cause to the clerk of the court to which the venue has been changed. Provided, however, if the cause be severable as to parties defendant and shall be ordered transferred as to one or more defendants but not as to all, the clerk, instead of sending the original papers, shall make certified copies of such filed papers as directed by the court and forward the same to the clerk of the court to which the venue has been changed. After the cause has been transferred, as above provided for, the same will be subject to trial at the expiration of ten days after the mailing of notification to the parties or their attorneys by the clerk or any party or his attorney that the papers have been filed in the court to which the cause has been transferred.
Source: Art. 2019 and 2020.
Change: The two articles have been combined with minor textual change and, by amendment effective December 31, 1943, the final sentence, above, has been added, and a misprint of "court" for "clerk" has been corrected. *Page 653 
Rule 93. CERTAIN PLEAS TO BE VERIFIED. — A pleading setting up any of the following matters, unless the truth of such matters appear of record, shall be verified by affidavit.
a. That the suit is not commenced in the proper county.
b. That the plaintiff has not legal capacity to sue, or that the defendant has not legal capacity to be sued.
c. That the plaintiff is not entitled to recover in the capacity in which he sues, or that the defendant is not liable in the capacity in which he is sued.
d. That there is another suit pending in this State between the same parties involving the same claim.
e. That there is a defect of parties, plaintiff or defendant.
f. A denial of partnership as alleged in any pleading as to any party to the suit.
g. That any party alleged in any pleading to be a corporation is not incorporated as alleged.
h. Denial of the execution by himself or by his authority of any instrument in writing, upon which any pleading is founded, in whole or in part, and charged to have been executed by him or by his authority, and not alleged to be lost or destroyed. Where such instrument in writing is charged to have been executed by a person then deceased, the affidavit shall be sufficient if it state that the affiant has reason to believe and does believe that such instrument was not executed by the decedent or by his authority. In the absence of such a sworn plea, the instrument shall be received in evidence as fully proved.
i. A denial of the genuineness of the indorsement or assignment of a written instrument upon which suit is brought by an indorsee or assignee and in the absence of such a sworn plea, the indorsement or assignment thereof shall be held as fully proved. The denial required by this subdivision of the rule may be made upon information and belief.
j. That a written instrument upon which a pleading is founded is without consideration, or that the consideration of the same has failed in whole or in part.
k. That an account which is the foundation of the plaintiff's action, and supported by an affidavit, is not just; and, in such case, the answer shall set forth the items and particulars which are unjust. *Page 654 
l. That a contract sued upon is usurious. Unless such plea is filed, no evidence of usurious interest as a defense shall be received.
m. That notice and proof of loss or claim for damage has not been given, as alleged. Unless such plea is filed such notice and proof shall be presumed and no evidence to the contrary shall be admitted. A denial of such notice or such proof shall be made specifically and with particularity.
n. In the trial of any case appealed to the court from the Industrial Accident Board the following, if plead, shall be presumed to be true as plead and have been done and filed in legal time and manner, unless denied by verified pleadings:
(1) Notice of injury.
(2) Claim for compensation.
(3) Award of the Board.
(4) Notice of intention not to abide by the ward of the Board.
(5) Filing of suit to set aside the award.
(6) That the insurance company alleged to have been the carrier of the workmen's compensation insurance at the time of the alleged injury was in fact the carrier thereof.
(7) That there was good cause for not filing claim with the Industrial Accident Board within the six months' period provided by statute.
A denial of any of the matters set forth in Sections (1) or (7) of this Subdivision (n) may be made on information and belief.
Any such denial may be made in original or amended pleadings; but if in amended pleadings the same must be filed not less than seven days before the case proceeds to trial. In case of such denial the things so denied shall not be presumed to be true, and if essential to the case of the party alleging them, must be proved.
o. Any other matter required by statute to be plead under oath.
Source: Arts. 573, 574, 1999, 2010, 3734, and 5074.
Change: The basic statute relating to sworn pleadings was Art. 2010. With it have been combined provisions from a number of other specific statutes requiring sworn pleas. No change of meaning has been intended in so far as the combinations, as such, are concerned. The scope of sworn denials has, however, been *Page 655 
broadened. Subdivision (b) will under this rule include the plea that "the defendant has not legal capacity to be sued." Subdivision (c) has been extended to include a denial of defendant's liability in the capacity in which he is sued. In subdivision (d) the term "cause of action" has been replaced by the word "claim." Subdivisions (f) and (g) apply to allegations in any pleading, not merely to the petition as formerly stated in Art. 2010.
Change by amendment of March 31, 1941: Subdivisions (m) and (n) (Source: Art. 5546, and Acts 1937, 45th Leg., p. 535, ch. 261, sec. 2) and (o) added.
Change by amendment effective December 31, 1941: Section (6) has been added to Subdivision (n).
Change by amendment effective December 31, 1943: Section (7) and the new sentence concerning Sections (1) and (7) have been added to Subdivision (n) and minor textual changes have been made in next to last paragraph, above.
Rule 184a. JUDICIAL NOTICE OF LAW OF OTHER STATES, ETC. — The judge may of his own motion, and upon the motion of either party shall, take judicial notice of the common law, public statutes, and court decisions of every other state, territory, or jurisdiction of the United States provided that the judge shall inform the parties of the tenor of such matter to be judicially noticed by him, and afford each of them a reasonable opportunity to present to him information relevant to the propriety of taking such judicial knowledge or to the tenor of the matter to be noticed. Any party requesting that judicial notice be taken of such matter shall furnish the judge sufficient information to enable him to properly comply with the request, and shall give each adverse party such notice, if any, as the judge may deem necessary, to enable the adverse party to fairly prepare to meet such request. The rulings of the judge on such matters shall be subject to review, and the reviewing court, in its discretion, may take judicial notice of the matters herein provided for, whether or not they were judicially noticed by the trial judge.
Source: American Law Institute, Code of Evidence, Rules 801 to 806, inclusive.
This is a new rule effective December 31, 1943.
Rule 306-a. DATE OF JUDGMENT, ETC. — Judges are directed to cause, and attorney and clerks are directed to use their efforts to cause, the dates upon which judgments, decisions, and orders of any kind are rendered to be stated respectively within such judgments, decisions, and orders; but absence of any such showing shall not invalidate any such judgment or order or any such paper, step, or proceeding.
This is a new rule, effective December 31, 1943.
Rule 316. CORRECTION OF MISTAKES. — Mistakes in the record of any judgment or decree may be amended by the judge in open court according to the truth or justice of the case after notice of the application therefor has been given to the parties *Page 656 
interested in such judgment or decree, and thereafter the execution shall conform to the judgment as amended.
The opposite party shall have reasonable notice of an application to enter a judgment nunc pro tunc.
Source: Art. 2228, unchanged, except that by amendment effective December 31, 1943, the last sentence above has been added. See 25 Tex. Jur. 438.
Rule 333. APPEAL ON AFFIDAVIT. — Where the party who desires to appeal is unable to give appeal bond, it shall be sufficient if he file with the county clerk, within the time prescribed for giving such bond, an affidavit that he had made diligent efforts to give such bond and is unable to do so by reason of his poverty, and such affidavit, or the overruling of the contest thereof, if one is filed, shall operate a perfection of the appeal in respect to the matter of costs. Said affidavit shall be subject to contest under the procedure provided in Rule 355.
Source: Art. 3701.
Change: Addition of last sentence.
Change by amendment effective December 31, 1943: The words "or the overruling of the contest thereof, if one is filed," have been interpolated between the words "affidavit" and "shall." Also, the last sentence is changed so as to refer to Rule 355 instead of to Rule 145.
Rule 334. PAPERS SENT TO DISTRICT COURT. — Upon such appeal bond or affidavit being filed with the county clerk, or upon the overruling of the contest, if one is filed, he shall immediately transmit all the original papers in said proceedings to the clerk of the district court together with the appeal bond or affidavit and a certified copy of the order or decree appealed from, and the district clerk shall immediately file and docket the cause in the district court. Such cases shall be tried de novo in the district court, and shall be governed by the same rules of procedure as other civil cases in said court.
Source: Art. 3702.
Change: Elimination of reference to term of court.
Change by amendment effective December 31, 1943: The words "or upon the overruling of the contest, if one is filed" are interpolated between the word "clerk" and the word "he."
Rule 369-a. NO ABATEMENT FOR DEATH. — If any party to the record in a cause dies after rendition of judgment in the trial court, and before such cause has been finally disposed of on appeal, such cause shall not abate by such death, but the appeal may be perfected and the Court of Civil Appeals or the Supreme Court, if it has granted or thereafter grants a writ therein, shall proceed to adjudicate such cause and render judgment therein as if all the parties thereto were living, and such judgment shall have the same force and effect as if rendered *Page 657 
in the lifetime of all the parties thereto. If appellant dies after judgment and before the expiration of the time for perfecting appeal, sixty days after the date of such death shall be allowed in which to perfect appeal and file the record, and all bonds or other papers may be made in the names of the original parties the same as if all the parties thereto were living.
This is a new rule, effective December 31, 1941.
Source: Arts. 1760 and 1850, which articles have been repealed pursuant to Rule 819.
Amendment effective December 31, 1943, permits and regulates appeal in names of original parties where dying at any time after judgment of trial court.
Rule 376-a. FORM OF TRANSCRIPT. — The transcript shall be prepared in such form as may be directed by the Supreme Court. Such Court will enter an order or orders in such respect for the guidance of trial clerks.
This is a new rule, effective December 31, 1943.
Rule 385. APPEALS FROM INTERLOCUTORY ORDERS. — Appeal from interlocutory orders (when allowed by law) may be taken by
(a) Filing an appeal or supersedeas bond within twenty days after rendition of the order appealed from, conditioned as required by the rules governing appeals generally; and
(b) Filing the record in the appellate court within twenty days after rendition of the order appealed from. Provided, that upon the filing of a motion in the appellate court within such twenty-day period, or within five days thereafter, showing good cause therefor, such court may grant a reasonable extension of time in which to file such record or any part thereof.
(c) Where the appeal is from an order sustaining a plea of privilege, transfer of the venue and trial upon the merits shall be suspended pending the appeal.
(d) Where the appeal is from an order granting or refusing a temporary injunction, or granting or overruling a motion to dissolve such an injunction, the cause may be heard in the Court of Civil Appeals or the Supreme Court on the bill and answer and such affidavits and evidence as may have been admitted by the judge of the court below. Such appeal shall not have the effect to suspend the order appealed from, unless it shall be so ordered by the court or judge entering the order.
(e) In all appeals from interlocutory orders there shall be no motion for a new trial, and the trial judge need not file findings of fact or conclusions of law, provided, however, it shall *Page 658 
be permissible for the trial judge to file findings of fact and conclusions of law, if they are filed so as not to delay the filing of the record in the appellate court.
Source: In part a new rule. Subsection (c) is based on Art. 2008, (d) on Art. 4662.
Change by amendment effective December 31, 1941: The last sentence has been added to subsection (b) and the last sentence has been added to subsection (d).
By amendment effective December 31, 1943, subsection (e), above, was added.
Rule 390. PARTY TO FILE OWN TRANSCRIPT. — (a) Either party may file the transcript for which he has applied to the district or county clerk, and which has been delivered to him; both of which facts must appear on the transcript by the indorsement of the clerk. If the indorsement shows that it was applied for by one party and delivered to the other, it must be shown by the indorsement of the clerk, or otherwise, to entitle it to be properly filed as the transcript of the party to whom it was delivered, that it was delivered to him by consent of the other party, as each party has the sole right to the transcript which he has applied for to be made out for him; and if it is so filed without that fact being shown, the court may strike the case from the docket as improperly filed, upon its own inspection, or upon motion of the party to whom the transcript belonged.
(b) If but one party file his transcript in proper time, that shall be regarded as the transcript of the record of the case.
(c) If both parties file transcripts within the proper time, which they may do, and that of the appellant is properly made and indorsed, it shall be regarded by the court as the transcript of the record in the case, and the court will grant the appellee leave to withdraw that filed by him for his own use.
Source: Texas Rules 3, 4 and 5 (for Courts of Civil Appeals), with minor textual change.
Amendment effective December 31, 1943, has added the italicized and dropped the bracketed word in the first sentence as shown below: "Either party may file the transcript for which he has applied to the district or county clerk, and which has been delivered to him; both of which facts must appear on the transcript by the indorsement of the (district) clerk.
Rule 411. SUBMISSION IN ORDER OF FILING: SERVICE OF NOTICE. — Causes on the trial docket of the Court of Civil Appeals which are not advanced as otherwise provided shall be submitted in the order of the date of filing and the clerk shall notify the parties or their attorneys of the date of filing, and of the date of submission, by letter delivered in person or through the mails.
Source: Art. 1847, unchanged. *Page 659 
Change by amendment effective December 31, 1943; The mode of transmitting notice has been altered.
Rule 414. BRIEFS: TIME FOR FILING, ETC. — Briefs of each party shall be subscribed by at least one of his attorneys shall give the post-office address of each attorney whose name is signed thereto, and shall state that a copy of such brief has been delivered or mailed to each group of opposing parties or counsel thereof. Appellant shall file three copies of his brief in the Court of Civil Appeals within thirty days after the filing therein of the transcript and statement of facts, if any, having theretofore delivered or mailed an additional copy to opposing parties or their counsel. Appellee shall file three copies of his brief in said court within twenty-five days after the filing of appellant's brief and at the same time deliver or mail an additional copy to each group of opposing parties or counsel thereof. Any Court of Civil Appeals may by rule permit the filing therein of a less number of briefs. Upon good cause shown, the Court of Civil Appeals may grant either or both parties further time for filing their respective briefs, and may extend the time for submission of the case. The court may also shorten the time for filing briefs and the submission of the cause in case of emergency, where in its opinion the needs of justice require it.
Source: Art. 1848 (part) and Texas Rule 36 (for Courts of Civil Appeals), with minor textual change.
Change by amendment of March 31, 1941: The third, fourth, and fifth words of the original rule, which read "not less than," have been stricken out and the word "within" substituted therefor.
Change by amendment effective December 31, 1943: The last three sentences of the rule have been retained with minor textual differences. The rest of the amendment is largely new.
Rule 442. MANDATE ISSUED, WHEN. — If no writ of error is sued out, the clerk shall issue the mandate after the expiration of thirty days after the decision of the Court of Civil Appeals has been entered therein or the motion for rehearing overruled, under the terms of Rule 443. The mandate may issue at an earlier date by agreement of the parties. Every mandate issued from the Court of Civil Appeals or Supreme Court shall contain the file number of the case in the trial court.
Source: Art. 1864, with minor textual change, except that by amendment effective December 31, 1943, a comma and the last two sentences, above, were added.
Rule 452. OPINIONS TO BE BRIEF. — Opinions of the Courts of Civil Appeals shall be as brief as practicable, and shall avoid as far as possible lengthy quotations from other decisions or texts; and where the issues involved have been clearly settled by authority or elementary principles of law, the court shall *Page 660 
write only brief memorandum opinions. In every case where application for writ of error is unqualifiedly refused or is granted, the opinion shall be ordered published; in other cases opinions shall be ordered not published when they present no question or application of any rule of law of interest or importance to the jurisprudence of the State.
Source: New rule.
By amendment effective December 31, 1943, the first part of the last sentence above through the words "in other cases" has been added.
Rule 456. COPY OF OPINION TO ATTORNEYS, ETC. — It shall be the duty of the clerk of each of the Courts of Civil Appeals and the clerk of the Supreme Court, within three days after rendition of a decision by such court, to mail or deliver to the clerk of the trial court and to one of the attorneys for the plaintiffs and one of the attorneys for the defendants a copy of the opinion rendered by such appellate court. The copy received by the clerk of the trial court shall be by him filed among the papers of the cause in such court. Where there is more than one attorney on each side, the attorneys may designate in advance the one to whom the copy shall be mailed. The clerk shall charge a fee of $1.00 for each such copy of such opinion, to be taxed as costs.
Source: Acts 1929, 41st Leg., p. 233, ch. 98, sec. 2, appearing in Vernon's Statutes as Art. 1836b.
Change: Omission of reference to Court of Criminal Appeals.
Change by amendment effective December 31, 1941: Rule 457, which sourced in Acts 1930, 41st Leg., 4th C.S., p. 86, ch. 45, appearing in Vernon's Statutes as Art. 1836c, has been repealed, but in substance has been combined with this rule; and the caption has been amended to read "Copy of Opinion to Attorneys"; and the rule has been materially redrafted, it being provided that the copies of opinions of both appellate courts shall be sent to attorneys.
Change by amendment effective December 31, 1943: "Etc." added to caption, and wording interpolated in the body of the rule which makes delivery of copy of opinion permissible and which requires a copy to go to and be filed by the trial clerk.
Rule 457. NOTICE OF JUDGMENT, ETC. — Upon the rendering of judgment in the Court of Civil Appeals, as well as upon the making of an order granting or overruling a motion for rehearing, the clerk shall immediately give notice to the parties or their attorneys of record of the disposition made of the cause or of the motion, as the case may be, unless such notice is waived. The notice to the successful party or his attorney may be given by postal card, but notice to the unsuccessful party or his attorney shall be given by letter sent under first-class postage and so marked as to be returnable to the clerk in case of nondelivery. Notice of the disposition of any other motion, *Page 661 
or of any other matter which requires notice, may, except as otherwise provided in these rules, be given by postal card.
New rule, substituted for old Rule 457 upon a different subject, which has heretofore been repealed.
Rule 458. MOTION AND SECOND MOTION FOR REHEARING. — Any party desiring a rehearing of any matter determined by any Court of Civil Appeals may, within fifteen days after the date of rendition of the judgment or decision of the court, or the filing of the findings of fact and conclusions of law, whether such date be in the same or a succeeding term of said court, file with the clerk of said court his motion in writing for a rehearing thereof, in which the assignments of error relied upon for the rehearing shall be distinctly specified, and the name and residence of the counsel of the opposing party, if known, and if not known, then the name and residence of the opposing party as shown in the record. The party filing such motion shall deliver or mail to each opposing party, or his attorney of record, a true copy of such motion, and shall note on the motion so filed with the clerk that such copies have been so furnished. Upon his failure to do so he shall accompany his motion with, or furnish to the clerk on his request, a sufficient number of duplicates or copies thereof for the clerk to use in complying with the provisions of Rule 460. Failure to supply such copies on request of the clerk may result in a dismissal of the motion.
If the Court of Civil Appeals hands down an opinion in connection with the overruling of a motion for rehearing, a second motion for rehearing may, if the losing party deems same necessary, be filed within fifteen days after such opinion is handed down and the above regulations and those of Rules 460 and 468 shall apply to it as though it were the first motion; but a second motion for rehearing shall not be made as a matter of right in any other case.
Source: Art. 1877.
Change: The last sentence of the statute has been eliminated. "Date of rendition of the judgment" has been substituted for "date of entry of the judgment." "Assignments of error" has been substituted for "ground." "Whether such date be in the same or a succeeding term of said court" has been added.
Change by amendment effective December 31, 1941: The fourth, third and second from the last three sentences above have been added.
Change by amendment effective December 31, 1943: The last sentence above has been added and the caption has been revised to fit.
Rule 468. FILING OF APPLICATION FOR WRIT OF ERROR. — The application shall be filed with the clerk of the Court of Civil Appeals within thirty days after the overruling *Page 662 
of the motion for rehearing, or within thirty days after the overruling of a second motion for rehearing if filed under Rule 458, provided that when the thirtieth day falls on Sunday or a legal holiday the petition may be filed on the next day following which is neither a Sunday nor a legal holiday.
Source: Art. 1742.
Change: Addition of the proviso.
By amendment effective December 31, 1943, the wording above commencing, "or within thirty days after the overruling of the second" and ending, "under Rule 458," has been interpolated.
Rule 471. SERVICE ON RESPONDENT; ANSWER. — When an application for a writ of error from a Court of Civil Appeals to the Supreme Court is filed in the Court of Civil Appeals, the petitioner shall, at the same time, cause to be delivered to an attorney of record of respondent or else to be deposited with the Clerk of said Court of Civil Appeals a true copy of the application, notifying the attorney of record of respondent of the deposit of said copy. In the latter case, on request of the respondent or his attorney the Clerk shall deliver the copy of the application to the respondent or his attorney. Said respondent shall have ten days after the filing of the application for writ of error in the Supreme Court, unless additional time is allowed therefor by the Supreme Court, in which to file an answer to the application. When an answer is filed or the time for filing same has expired, the application shall be deemed submitted to the court and ready for disposition. The court may dispense with notice and may grant the writ immediately upon the filing of the application where, in its opinion, the circumstances require it.
Source: Arts. 1744, 1881, 1882, and Rule 3 (for Supreme Court).
Change: Omission of provision for final disposition of the case as if the application had been granted, when respondent fails to answer.
Change by amendment effective December 31, 1943: Delivery allowed alternatively to filing. It is made clear that the respondent has ten days after the filing of the record in the Supreme Court, and not ten days from the filing of the record in the Court of Civil Appeals, in which to file his answer. The Supreme Court is authorized to proceed to consider the application as soon as the answer is filed. The last sentence gives the court authority to shorten the period of delay where necessary. The caption is made clearer.
Rule 472. FORWARDED TO THE SUPREME COURT. — When an application for writ of error to the Supreme Court is filed with the clerk of a Court of Civil Appeals, he shall note upon his record the filing of said petition, and promptly forward the same to the clerk of the Supreme Court with the original record in the case and the opinion of the Court of Civil *Page 663 
Appeals, the motions filed therein, certified copies of the judgment and orders of the Court of Civil Appeals, and a copy of the appeals or the supersedeas bond of the appellant. The clerk need not so forward any exhibits that are not documentary in nature unless ordered to do so by the Supreme Court.
Source: Art. 1883 with minor textual change.
The final sentence above has been added by amendment effective December 31, 1943.
Rule 474. ORIGINAL PROCEEDINGS. — A petition seeking to institute an original proceeding in the Supreme Court shall be presented to the clerk, accompanied with a motion for leave to file, and accompanied with such written argument in behalf of the motion as may be desired. The motion will be filed, and, together with the petition and argument, if any, will be sent at once to the consultation room for the action of the court. If the court should be clearly of the opinion that the facts stated in the petition entitle petitioner to the relief sought, the motion will be granted, the petition filed, and the cause placed upon the trial docket. Otherwise the motion will be overruled. The clerk, upon filing the motion, shall require a bond or a cashier's certified check, in the sum of $50.00, to be approved by him or an affidavit in lieu thereof as in cases appealed to the Courts of Civil Appeals.
Source: New rule superseding Texas Rule 18 (for Supreme Court).
Change by amendment effective December 31, 1943: The first part of the last sentence, above.
Rule 475. ORIGINAL PROCEEDINGS: PETITION FOR MANDAMUS TO COMPEL CERTIFICATION. — Where a motion for leave to file a petition for mandamus against a Court of Civil Appeals to require that court to certify a question on the ground of conflict is granted, the petition shall be docketed and set down for hearing both on the question whether there is a conflict and on the merits of the question involved in the conflict. If the petition be granted the mandamus will then issue unless the Court of Civil Appeals conform its ruling and decision to those of the Supreme Court; or the Supreme Court may, upon such hearing, if it be deemed proper, direct the Court of Civil Appeals to conform its ruling and decision to those of the Supreme Court, without the necessity of certifying the question to the Supreme Court.
Source: New rule.
Change by amendment effective December 31, 1943: The last clause of the final sentence, above, has been added.
Rule 499-a. DIRECT APPEALS. — In obedience to an act of the Regular Session of the Forty-eighth Legislature approved *Page 664 
February 16, 1943, and entitled "An Act authorizing appeals in certain cases direct from trial courts to the Supreme Court; authorizing the Supreme Court to prescribe rules of procedure for such appeals; and declaring an emergency," which act was passed by authority of an amendment known as Section 3-b of Article 5 of the Constitution, the following procedure is promulgated.
(a) In view of Section 3 of Article 5 of the Constitution which confines the appellate jurisdiction of the Supreme Court to questions of law only, this court under the present and later amendment, above cited, and such present and any future legislation under it, has and will take appellate jurisdiction over questions of law only, and in view of Sections 3, 6, 8, and 16 of such Article 5, will not take such jurisdiction from any court other than a district or county court.
(b) An appeal to the Supreme Court directly from such a trial court may present only the constitutionality or unconstitutionality of a statute of this State, or the validity or invalidity of an administrative order issued by a state board or commission under a statute of this State, when the same shall have arisen by reason of the order of a trial court granting or denying an interlocutory or permanent injunction.
(c) Such appeal shall be in lieu of an appeal to the Court of Civil Appeals and shall be upon such question or questions of law only, and a statement of facts shall not be brought up except to such extent as may be necessary to show that the appellant has an interest in the subject matter of the appeal and to show the proof concerning the promulgation of any administrative order that may be involved in the appeal. If the case involves the determination of any contested issue of fact, even though the contested evidence should be adduced as to constitutionally or unconstitutionality of a statute, or as to the validity or invalidity of an administrative order, neither the statute or statutes, above mentioned, nor these rules, apply, and such an appeal will be dismissed.
(d) Except where they are inconsistent with this rule, the rules now or hereafter prescribed in instances of appeal to the Courts of Civil Appeals shall, in so far as they are applicable, apply to appeals to the Supreme Court pursuant to such amendment to the Constitution and the legislation thereunder.
This is a new rule effective December 31, 1943.
Rule 500. JUDGMENTS IN OPEN COURT. — In all cases decided by the Supreme Court, its judgments or decrees will be pronounced in open court; and the opinion of the court will be *Page 665 
reduced to writing in such cases as the court deems of sufficient importance to be reported. Where the court, after the submission of a case, is of the opinion that the Court of Civil Appeals has entered the correct judgment, and that the writ should not have been granted, the court may set aside the order granting the writ, and dismiss or refuse the application as though the writ had never been granted, without writing any opinion.
Source: Art. 1766, with minor textual change.
Change by amendment effective December 31, 1943: The last sentence has been added.
Rule 514. MONEY DUE OTHER CLERK. — When the clerk of the Supreme Court receives any money due a clerk of the Court of Civil Appeals, or the clerk of any Court of Civil Appeals receives any money due the clerk of the Supreme Court, such clerk so receiving same shall pay such money over to the clerk to whom it is due. If he refuses to do so upon demand, the clerk to whom the same is due may file in the Supreme Court a motion against him, and, upon ten days' notice to him, the Supreme Court may enter judgment against him and the sureties on his official bond for such amount.
Source: Art. 1780, unchanged, except that by amendment effective December 31, 1943, the rule has been expanded to reach a case where "the clerk of any Court of Civil Appeals receives any money" etc.
Rule 684. APPLICANT'S BOND. — In the order granting any temporary restraining order or temporary injunction, the court shall fix the amount of security to be given by the applicant. Before the issuance of the temporary restraining order or temporary injunction the applicant shall execute and file with the clerk a bond to the adverse party, with two or more good and sufficient sureties, to be approved by the clerk, in the sum fixed by the judge, conditioned that the applicant will abide the decision which may be made in the cause, and that he will pay all sums of money and costs that may be adjudged against him if the restraining order or temporary injunction shall be dissolved in whole or in part. If the injunction be applied for to restrain the execution of a money judgment or the collection of a debt the bond shall be fixed in the amount of such judgment or debt, plus a reasonable amount to cover interest and costs.
Source: Art. 4649, harmonized with the Federal Rules adopted above by minor textual change.
By amendment effective December 31, 1943, the last sentence above has been added, from old Art. 4648.
Rule 686. CITATION. — Upon the filing of such petition and order not pertaining to a suit pending in the court, the clerk *Page 666 
of such court shall issue a citation to the defendant as in other civil cases, which shall be served and returned in like manner as ordinary citations issued from said court; provided, however, that when a temporary restraining order is issued and is accompanied with a true and correct copy of plaintiff's petition, it shall not be necessary for the citation in the original suit to be accompanied with a copy of plaintiff's petition, nor contain a statement of the nature of plaintiff's demand, but it shall be sufficient for said citation to refer to plaintiff's claim as set forth in a true and correct copy of plaintiff's petition which accompanies the temporary restraining order; and provided, further, that the court may have a hearing on an application for a temporary restraining order, or temporary injunction, at such time and upon such reasonable notice as he may direct.
Source: Art. 4655.
Change: To harmonize with prior changes requiring notice before the issuance of a temporary injunction.
Change by amendment effective December 31, 1943: The last proviso has been added.
Rule 692. DISOBEDIENCE. — Disobedience of an injunction may be punished by the court or judge, in term time or in vacation, as a contempt. In case of such disobedience, the complainant, his agent or attorney, may file in the court in which such injunction is pending or with the judge in vacation, his affidavit stating what person is guilty of such disobedience and describing the acts constituting the same; and thereupon the court or judge shall cause to be issued an attachment for such person, directed to the sheriff or any constable of any county, and requiring such officer to arrest the person therein named if found within his county and have him before the court or judge at the time and place named in such writ; or said court or judge may issue a show cause order, directing and requiring such person to appear on such date as may be designated and show cause why he should not be adjudged in contempt of court. On return of such attachment or show cause order, the judge shall proceed to hear proof; and if satisfied that such person has disobeyed the injunction, either directly or indirectly, may commit such person to jail without bail until he purges himself of such contempt, in such manner and form as the court or judge may direct.
Source: Art. 4661.
Change: Omission of first sentence, which is covered by Rule 683, and by amendment effective December 31, 1943, the parts respecting "show cause order" have been interpolated, the designation of the officer to execute attachment has been broadened, and minor textual changes have been made. *Page 667 
Rule 693-a. BOND IN DIVORCE CASE. — In a divorce case the court in its discretion may dispense with the necessity of a bond in connection with an ancillary injunction in behalf of one spouse against the other.
A new rule effective December 31, 1943.
Rule 695. NO RECEIVER OF IMMOVABLE PROPERTY APPOINTED WITHOUT NOTICE. — Except where otherwise provided by statute, no receiver shall be appointed without notice to take charge of property which is fixed and immovable. When an application for appointment of a receiver to take possession of property of this type is filed, the judge or court shall set the same down for hearing and notice of such hearing shall be given to the adverse party by serving notice thereof not less than three days prior to such hearing. If the order finds that the defendant is a nonresident or that his whereabouts is unknown, the notice may be served by affixing the same in a conspicuous manner and place upon the property or if that is impracticable it may be served in such other manner as the court or judge may require.
Source: New rule.
The last sentence has been added by amendment effective December 31, 1943.
Rule 695-a. BOND, AND BOND IN DIVORCE CASE. — No receiver shall be appointed with authority to take charge of property until the party applying therefor has filed with the clerk of the court a good and sufficient bond, to be approved by such clerk, payable to the defendant in the amount fixed by the court, conditioned for the payment of all damages and costs in such suit, in case it should be decided that such receiver was wrongfully appointed to take charge of such property. The amount of such bond shall be fixed at a sum sufficient to cover all such probable damages and costs. In a divorce case the court or judge, as a matter of discretion, may dispense with the necessity of a bond.
Source: New rule, adopted as of December 31, 1943.
Rule 740. COMPLAINANT MAY HAVE POSSESSION. — If the party aggrieved shall, at the time of filing his complaint, or thereafter prior to final judgment in the justice court, execute a bond, to be approved by the justice, in such an amount as the justice may fix as the probable amount of the costs of suit and of the damages which may result to defendant in the event the suit has been improperly instituted, and conditioned that the plaintiff will pay defendant all such costs and damages as shall be adjudged against him, the officer serving such citation or the constable of the precinct or the sheriff of the county *Page 668 
where the property is situated shall place the aggrieved party in possession of the property sued for promptly after the expiration of six days from the service of the citation or after the expiration of six days from notice to the defendant of the filing of the bond in the event it is not filed at the time of the filing of the complaint, unless the defendant, before the expiration of such six days, shall execute and deliver to such officer a bond in an amount double the amount of the bond given by the plaintiff, to be approved by the officer serving such citation or such constable or sheriff and filed with the justice, which bond shall be conditioned that the defendant in case judgment is rendered against him will pay all the costs of suit and the reasonable rental or value of the use of the property during the time he has withheld possession of the same from plaintiff to the time of making such bond and in addition will also pay the reasonable value or rental of such property while such suit is pending and until it is finally disposed of.
Source: Art. 3978, unchanged, except that by amendment effective December 31, 1943, the regulations as to the bond of defendant have been enlarged so as to include a case where an out-of-county officer effects service of citation and so as to make it clear that six days' time will be allowed, before possession is given the aggrieved party, within which defendant may give such bond; and other relevant changes have been made.
Rule 747. TRIAL. — If no jury is demanded by either party, the justice shall try the case. If a jury is demanded by either party the jury shall be empaneled and sworn as in other cases, and after hearing the evidence it shall return its verdict in favor of the plaintiff or the defendant as it shall find. If the defendant fails to enter an appearance or file an answer in the justice court before the case is called for trial, the justice may enter judgment by default.
Source: Art. 3985.
Change: Elimination of verdict of "guilty" or "not guilty."
Change by amendment effective December 31, 1943: The last sentence above, taken from old Art. 3985, as amended, has been added.
Rule 752. DAMAGES. — On the trial of the cause in the county court the appellant or appellee shall be permitted to plead and prove his damages if any suffered for withholding or defending possession of the premises during the pendency of the appeal and also all necessary and reasonable expenses incurred in prosecuting or defending the cause in the county court; provided that only the party prevailing in the county court shall be entitled to recover against the adverse party such damages, expenses, and costs. He shall also be entitled to recover against the sureties on the appeal bond in cases where the adverse party has executed such bond. *Page 669 
Source: Art. 3990, unchanged; except that by amendment effective December 31, 1943, the rule is made to extend, in a proper case, to appellant as well as to appellee; and other relevant changes have been made.
Rule 753. JUDGMENT BY DEFAULT. — Said cause shall be subject to trial at any time after the expiration of five full days after the day the transcript is filed in the county court, and if defendant shall fail to enter his appearance therein before the case is called for trial, the allegations of the complaint may be taken as admitted, and judgment by default may be entered accordingly.
Source: Art. 3991, with minor textual change.
Changed by amendment effective December 31, 1943: Wording has been interpolated to prevent delay and to allow default judgment at a term of the county court even though the transcript reaches that court shortly before or in the midst of a term of the county court. The caveat in the original note has been dropped on account of the decision in Garrett v. Mercantile National Bank at Dallas et al. (140 Tex. 394.)
IT IS FURTHER ORDERED That the following changes be made in the following other rules and that they be obeyed and shown in such publication, viz:
In Rule 173 the word "his" occurring between the word "allow" and the words "a reasonable" is changed to read, "him"; in Rule 572 the words "whereupon it shall be the duty of the justice of the peace in which the suit is pending" are changed to read "whereupon it shall be the duty of the justice of the peace in whose court the suit is pending";
IT IS FURTHER ORDERED That in the note to Rule 353 the words "Change: Appeal is perfected when notice of appeal is given" are eliminated, but the words "See Rule 363" are retained; and that the "List of Repealed Statutes" be corrected so as to strike out the comma and insert a dash between Articles 3701 and 3707;
IT IS FURTHER ORDERED That such amendments to such rules and notes shall become effective at the close of December 31, 1943;
IT IS FURTHER ORDERED That this order, including these amended rules, along with the appended notes, shall be recorder in the minutes of this Court;
IT IS FURTHER ORDERED That the official copy of this order, and of these amended rules and notes, as embraced in a signed duplicate original draft of this order, shall be preserved by the Clerk of this Court in his office as one of the permanent records of the Supreme Court of Texas. *Page 670 
Entered This the 16th day of June, 1943, in duplicate originals.
JAMES P. ALEXANDER, Chief Justice.
JOHN H. SHARP, Associate Justice.
RICHARD CRITZ, Associate Justice.
 *Page 1