### ELDRIDGE v. LAKE WHITNEY ENTERPRISES, Inc.
### No. 2922.

Court of Civil Appeals of Texas. Waco.
June 1, 1950.

J. M. Parker, Gorman, for appellant.

Wm. Roy Anderson, Cleburne, for appellee.

HALE, Justice.

This proceeding involves an attempted appeal by C. S. Eldridge from a final judgment rendered against him in the District Court of Hill County on January 30, 1950. The parties to the judgment will be referred to here as they were in the trial court.

On April 25, 1950, the transcript and statement of facts in the cause were presented to the clerk of this court for filing but the clerk declined to file the same because, under the provisions of Rule 386, T.R.C.P., they were tendered too late. Thereafter, on May 13, 1950, the plaintiff filed its motion in this court for an affirmance of the judgment upon proper certificate in accordance with Rule 387, T.R.C.P. On May 15, 1950, the defendant filed his motion here for an order directing the clerk to file the record as theretofore tendered and to place the cause upon the docket of this court for review.

The transcript as tendered for filing and the certificate attached to the motion of plaintiff for affirmance disclose that the defendant duly excepted to the judgment at the time when the same was rendered against him and gave notice of appeal therefrom to this court. On February 4, 1950, the defendant presented his appeal bond in proper form to the clerk of the trial court and the same was duly approved and filed therein on that day. No motion for new trial was filed in the court below and no application or motion was presented to or filed in this court for an extension of time within which to file the transcript or statement of facts here until more than seventy-five days had expired after the rendition of the judgment in the trial court.

Rule 386, T.R.C.P., requires the appellant to file the transcript and statement of facts with the clerk of the Court of Civil Appeals within sixty days from the rendition of the final judgment or order overruling motion for new trial, with the proviso that the Court of Civil Appeals may permit the record to be filed after the expiration of the sixty day period upon motion filed during that period or not later than fifteen days after the expiration thereof, showing good cause for the delay. Our courts have repeatedly held that the foregoing requirements are mandatory and jurisdictional, and that the time limits therein prescribed can not be dispensed with or enlarged except upon the conditions set forth in the rule. Parsons v. West, Tex. Civ.App., 159 S.W.2d 224; Garrett v. Mercantile Nat. Bank, Tex.Civ.App., 170 S.W. 2d 238, Id., 140 Tex. 394, 168 S.W.2d 636; Walker v. Cleere, Tex.Civ.App., 171 S.W. 2d 151, pt. 2 and authorities; Cocke v. Birr, 142 Tex. 432, 179 S.W.2d 958; Byrnes v. Blair, Tex.Civ.App., 183 S.W.2d 287; Alexander Motor Co. v. Pruitt, Tex.Civ. App., 198 S.W.2d 947, er. ref.; Bowman v. Traders & General Ins. Co., Tex.Civ.App.,

219 S.W.2d 148, er. ref.; Nami v. Industrial Mfg. Co., Tex.Civ.App., 223 S.W.2d 653. Consequently, regardless of why the record was not tendered to the clerk of this court for filing prior to April 25, 1950, we have no legal authority or discretion under the existing circumstances to order or permit such record to be filed at this time.

Since the defendant has lost his right to have the judgment reviewed by this court on account of his failure to have the transcript filed here within the time and in the manner required by Rule 386, T.R.C.P., it is the legal duty of this court to grant the plaintiff's motion for affirmance on certificate under the express provisions of Rule 387, T.R.C.P. Wagley v. Wagley, Tex.Civ. App., 1 S.W.2d 917; Douglas v. Douglas, Tex.Civ.App., 167 S.W.2d 774 and authorities; Goldberg v. Spense, Tex.Civ.App., 203 S.W.2d 330.

Therefore, the defendant's motion for an order directing the clerk of this court to file the record as tendered herein on April 25, 1950 is overruled and refused, and the plaintiff's motion for an affirmance on certificate is granted.