James EDWARDS, Jr., et al., Appellant,

v.

C. W. HUGHES et al., Appellee.

Motion Nos. A 85 & A 87.

Court of Civil Appeals of Texas.

Corpus Christi.

March 19, 1964.

236

M. W. Plummer of Plummer & Wade, Houston, for appellant.

M. S. Munson, Jr., Wharton, for appellee.

PER CURIAM.

On February 20, 1964, appellants tendered to the clerk of this court for filing the transcript in this cause. It appeared from such transcript that the judgment appealed from was signed and entered December 11, 1963, and notice of appeal was given on that date, there being no motion for new trial. Since no motion to extend the time for filing the transcript, as provided by Rule 386, Texas Rules of Civil Procedure, accompanied said transcript, our clerk declined to file same, and notified appellant's counsel of this fact. Thereafter, on February 26, 1964, seventy-seven days after rendition of the final judgment in the trial court, appellants filed their motion (No. A 85) seeking an extension of time to file the transcript and statement of facts.

On February 29, 1964, appellees filed their motion (No. A 87) to affirm this cause on certificate. Said motion was accompanied by a certified copy of the judgment, a proper certificate of the clerk of the trial court, and a copy of the appeal bond, all as provided by Rule 387, T.R. C.P. Said motion was set for hearing, and due and sufficient notice was given the parties thereof.

Motion No. A 85, being Appellants' Motion to Extend Time for Filing Transcript and Statement of Facts, and Motion No. A 87, being Appellees' Motion to Affirm on Certificate, will be consolidated and disposed of together.

Since the motion for extension of time within which to file the transcript and statement of facts was filed in this court more than seventy-five days after rendition of the judgment in the trial court, the matter is no longer discretionary with this Court, and we are wholly without jurisdiction to grant the motion, or to permit the transcript and statement of facts to be filed. Rule 386 is mandatory, and appellant must comply with its provisions. Garrett v. Mercantile National Bank, 140 Tex. 394, 168 S.W.2d 636, affirming same cause, Tex. Civ.App., 170 S.W.2d 238; Nami v. Industrial Mfg. Co., Tex.Civ.App., 223 S.W. 2d 653; Wigington v. Parker Square State Bank, Tex.Civ.App., 321 S.W.2d 334; Armstrong v. West Tex. Rig Co., Tex.Civ.App., 339 S.W.2d 69, writ ref n. r. e. Appellant's Motion No. A 85 is overruled.

From what has been said above, it follows that appellees' Motion No. A 87, to affirm this cause on certificate should be granted, including judgment for costs against appellant, and against Lawyers Surety Corporation as surety on appellants' cost bond, and it is so ordered. Rule 387, T.R.C.P.; Nami v. Industrial Mfg. Co., supra; Wigington v. Parker Square State

Bank, Tex.Civ.App. 324 S.W.2d 91; Irwin L. Jones v. W. W. Banks, Tex.Civ.App. 331 S.W2d 370 n. w. h.; Carter v. City of Fort Worth, Tex.Civ.App., 357 S.W.2d 581, writ ref n. r. e.

Appellants' Motion No. A 85 for extension of time is overruled. Appellees' Motion No. A 87 to affirm on certificate, is granted. All court costs in the trial and appellate courts are assessed against appellant and Lawyers Surety Corporation.