Claude WRIGHT et ux., Appellants,

v.

Arthur P. CHERRY et ux., Appellees.

No. 15656.

Court of Civil Appeals of Texas.

Fort Worth.

Nov. 18, 1955.

Jack Borden, Weatherford, for appellants.

I. B. Hand, Weatherford, for appellees.

RENFRO, Justice.

Claude Wright brought suit in trespass to try title to a tract of land containing 0.37 acre. Arthur P. Cherry and wife were named as defendants.

Joe F. Gilley is the common source. On November 29, 1938, Gilley conveyed to appellant Wright a certain tract of land out of the Wilcox Survey in Parker County, adequately described by metes and bounds. After the description of the first tract, the following appears: "Also a passway out at the South end of 31 acres of Jordan tract, being 73½ varas long and 30 vrs. wide on an angle of N. 80, West and extending to the West Boundary Line of this survey * * *."

The "passway" land lies south of the land in the name of Jordan. This particular strip of land and other lands lying south thereof belonged to Gilley at the time of the above conveyance.

Subsequent to said conveyance Gilley died and the balance of his lands was divided among his heirs. That portion lying south of the Jordan tract was apportioned to La Verne Wood. On December 30, 1943, Miss Wood conveyed to appellee Cherry, by general warranty deed, a certain tract of land which contains within its metes and bounds description the "passway" strip.

The trial court held that the language, "Also a passway out at the South end of 31 acres of Jordan tract," in the deed from Gilley to Wright, conveyed an easement only. Judgment quieted use and enjoyment of the easement in Wright; Cherry's title was quieted to the strip, subject only to the easement in favor of Wright.

Wright contends the court erred in ruling as a matter of law that the 1938 deed conveyed an easement only.

█ The word "passage", according to 69 C.J.S., p. 45, is a term of wide signification and is defined as meaning a way, a road, path, route, channel, an entrance or exit; a means of passing. A passageway affords passage.

█ In 31 Words and Phrases, Passageway, p. 333, it is stated, " 'The word "passageway" cannot be any broader in its signification than "way" or "highway," and can have essentially no different meaning.' Hence the reservation of the privilege of a passway, reading 'passway' as 'passageway,' was merely the reservation of a way or right of passage over the ground."

█ It is well settled that where the granting clause of a deed conveys a right of way of designated width across, over or through a tract of land, it is a conveyance of a mere easement in the property and not a conveyance of the fee simple estate therein. Gulf Coast Water Co. v. Hamman Exploration Co., Tex.Civ.App., 160 S.W.2d 92; Right of Way Oil Co. v. Gladys City Oil, Gas & Mfg. Co., 106 Tex. 94, 157 S.W. 737, 51 L.R.A.,N.S., 268.

█ The granting clause in the Wright deed conveyed a "passway", followed by description of the land over which the passway was granted. It did not convey certain land, but a passway over said land.

In our opinion, no greater estate was passed than would have passed if the words, right of way, had been used, followed by description.

The language used in the granting clause, "Also a passway out", is limitive in its very nature, and shows the intention of the parties to be to restrict the grant made to an easement for passageway purposes.

 Appellant contends it was error for the court to exclude certain testimony purporting to explain the reason for the manner in which the strip in question was described.

In view of our conclusion that the deed plainly and clearly discloses the intention to grant an easement only over the 0.37 acre tract, it follows that we uphold the trial court's refusal to admit parol testimony as to intent.

The judgment of the trial court is affirmed.