

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

April 16, 1957

Honorable J. E. Winfree
State Representative,
House of Representatives,
Capitol Building,
Austin, Texas

Opinion No. WW-100

Re: Whether or not House Bill
No. 708, 55th Legislature,
1957 in Section 3 and
Section 4 thereof prescribes
rules of procedure in Civil
Actions conflicting with the
rule-making power of the
Supreme Court of Texas in
civil actions as delegated
to it by the Legislature
and whether or not said
Bill is special legislation
in view of the limitation
provisions contained in
Section 7.

Dear Mr. Winfree:

Your letter of April 10, 1957 in substance requests an
opinion on H. B. 708, Acts of the 55th Legislature, 1957, as to
whether or not Section 3 and Section 4 thereof promulgates rules
for practice in the trial of civil cases and, if so, what effect does
this have on the rule-making power in civil proceedings vested in
the Supreme Court of Texas by the Legislature.

You have asked two questions:

1. Does Section 3 and Section 4 provide or make
rules of practice for the trial of civil cases?
If so, what will be the ultimate effect of this
on our rules of practice in civil cases, inas-
much as our statutes now provide rule-making
power to be in the Supreme Court of Texas?

2. Whether or not the Bill is in the nature of
special legislation because of its limited
application as provided in Section 7 thereof.

Article V, Section 25, Texas Constitution provides:

"The Supreme Court shall have the power to
make and establish rules of procedure not incon-
sistent with the laws of the State for the government

> of said court and the other courts of this State
> to expedite the dispatch of business therein."

The following language is contained in <u>Bar Association of Dallas, et al. vs. Hexter Title and Abstract Company</u> (Tex. Civ. App. 1943, 175 S.W. 2d, 108, affirmed 142 Tex. 506, 179 S.W. 2d 946:

> "Early in the history of the State of Texas it was generally recognized and conceded that the right to prescribe rules of practice and procedure in this State rested in its law making bodies, and our statutes reflect the fact that the legislature from time to time relinquished to the Supreme Court the right to make certain rules only. This state of affairs continued until the 46th Legislature, in the year 1939, passed H.B. 108, V.A.C.S., Article 1731a, which evidenced the will of the law making body of Texas to relinquish the rule making power to the Supreme Court."

Article 1731a V.A.C.S. reads in part as follows:

> "Section 1. In order to confer upon and relinquish to the Supreme Court of the State of Texas full rule making power in civil judicial proceedings, all laws and parts of laws governing the practice and procedure in civil actions are hereby repealed, such repeal to be effective on and after September 1, 1941. Providing, however, that no substantive law or part thereof is hereby repealed.
>
> "Section 2. The Supreme Court is hereby invested with the full rule making power in the practice and procedure in civil actions. Such rules shall not abridge, enlarge or modify the substantive rights of any litigant. . ."

It is held in <u>Gonzales v. Rodriguez</u>, Tex. Civ. App. 1952, 250 S.W. 2d 253, rehearing denied, that under Tex. R.C.P. Rule 2, rules of civil procedure are not to be applied only to civil suits, but are to be applied in all actions of a civil nature; consequently, the rules apply to all proceedings of a civil nature and exclude only criminal cases.

Under this Article, giving Supreme Court rule-making powers, Supreme Court was invested with complete authority to prescribe all rules of procedure in all civil actions, and it was intended that all statutes relating to civil procedure should be inoperative on and after September 1, 1941, including those passed at the same session of the Legislature. Garrett v. Mercantile Nat. Bank at Dallas, 140 Tex. 394, 168 S.W. 2d 636 (1943).

Sections 3 and 4 of this Bill are as follows:

"Section 3. Every person who commences or prosecutes or assists in the commencement or prosecution of any proceeding in any court or before any administrative agency in the State of Texas, or who may take an appeal from any such rule, order, or judgment thereof, shall, on motion made by any of the parties of such proceedings, or by the court or agency in which such proceeding is pending, file with such court or agency, as a condition precedent to the further prosecution of such proceeding, the following affidavit:

" 'I, (name), petitioner (or complainant, plaintiff, appellant or whatever party he may be) in this matter, do hereby swear (or affirm) that I have neither received, nor conspired to receive, any valuable consideration or assistance whatever as an inducement to the commencement or further prosecution of the proceedings in this matter.

(signature of Affiant)
Affiant

'Sworn to and subscribed before me on this, the (date) day of (month), 19 (year).

(Signature of Official)
(Title of Official)'

"In the case of any firm, corporation, group, organization, or association required to make the above affidavit, such affidavit shall be made by the person having custody and control of the books and records of such firm, corporation, group, organization, or association.

"Section 4. Every attorney representing any person, firm, partnership, corporation, group, organization, or association in any proceeding in any court or before any administrative agency in the State of Texas, or who may take an appeal from any rule, order, or judgment thereof, shall, on motion made by any of the parties to such proceeding, or by the court or agency in which such proceeding is pending, file, and as condition precedent to the further prosecution of such proceeding, the following affidavit:

" ' I, (name), attorney representing (name of party), petitioner (or complainant, plaintiff, appellant, or whatever party he may be) in this matter, do hereby swear (or affirm) that neither I nor, to the best of my knowledge and belief, any other person, firm, partnership, corporation, group, organization, or association has promised, given or offered, or conspired to promise, give, or offer, or solicited, received, or accepted any valuable consideration or any assistance whatever to said (name of party) as an inducement to said (name of party) to the commencement or further prosecution of the proceedings herein.

(Signature of Affiant)
Affiant

'Sworn to and subscribed before me on this, the (date) day of (month) , 19 (year).

(Signature of Official)
(Title of Official)'

"Provided, however, that if, on motion made, such affidavits are promptly filed, the failure in the first instance to have filed same shall not constitute grounds for a continuance of such proceedings."

Section 7 provides:

"The provisions of this Act shall not be applicable to attorneys who are parties to contingent fee contracts with their clients where the attorney does not pay or protect the client from payment of the costs and expense of litigation, nor shall this Act apply to suits pertaining to or affecting possession of or title to real or personal property, including

> personal injury or death claims, nor shall this Act
> apply to suits involving the legality of assessment or
> collection of taxes, nor shall this Act apply to suits
> involving rates or charges by common carriers of
> public utilities, nor shall this Act apply to criminal
> prosecutions."

Sections 3 and 4 of this Bill provide for the filing of affidavits in connection with court and administrative agency proceedings. This, in effect, prescribes a rule for practice and procedure in law suits and thereby conflicts with the view that all rule-making power is vested in the Supreme Court as delegated to it by the Legislature. The rule-making power in civil judicial proceedings is given to the Supreme Court concerning practice and procedure. It seems that, from the authorities cited, it was the intention of the Legislature to give all such powers to the Supreme Court. This is evident from Article 1731a. The Legislature, however, may amend or repeal this law at any time and make such changes as it deems expedient. We hold Sections 3 and 4 of said Bill to conflict with the rule-making power delegated to the Supreme Court.

> "A statute is not local or special even
> though its performance is confined to a res-
> tricted area, if the persons or things through-
> out the State are affected thereby or if it
> operates upon the subject that the people at
> large are interested in." Atwood vs. Willacy
> Co. Navigation District, Tex. Civ. App. 1955,
> 284 S.W. 2d 275, refused, n.r.e.

Sections 3 and 4 require the affidavit on motion in any proceeding and any court. Then Section 7 exempts many types of proceedings. However, this Bill would not be classed as special legislation because its provisions are not limited to a restricted area. On the contrary, it would affect the entire State and acts alike on all suits not specifically exempt therefrom.

## SUMMARY

Section 3 and Section 4 of House
Bill 708 contain rules or practice and
procedure for the trial of civil cases.
Full rule-making power in civil actions

has been delegated to the Supreme Court by the Legislature in Art. 1731a V.C.S., but this Article may be amended or repealed. Sections 3 and 4 of the Bill will have the effect of replacing some of the rules of procedure.

House Bill No. 708 is not special legislation by virtue of the provisions of Section 7 thereof, in that it is not local but affects the public generally.

Very truly yours,

WILL WILSON
Attorney General of Texas

By J. L. Smith
Assistant

JLS:am:pf

APPROVED:

OPINION COMMITTEE

H. Grady Chandler,
Chairman

Edwin P. Horner

J. C. Davis, Jr.

William E. Allen

John Ross Lennan

REVIEWED FOR THE ATTORNEY GENERAL

By: Geo. P. Blackburn