**BYRNES et al. v. BLAIR.**

**Motion No. 6313.**

Court of Civil Appeals of Texas. El Paso.

June 1, 1944.

Rehearing Denied June 22, 1944.

Motion to File Petition for Mandamus in Supreme Court Denied Oct. 4, 1944.

Fred C. Knollenberg, of El Paso, for plaintiffs in error.

Harris Walthall, Eugene T. Edwards, R. E. Cunningham, and J. H. McBroom, all of El Paso, for defendant in error.

McGILL, Justice.

This is a motion filed by Fred C. Knollenberg, as attorney for W. D. Robinson, Bernice Fletcher Mitchell, and Mrs. W. J. Byrnes, joined by her husband, W. J. Byrnes, for leave to file a transcript and statement of facts in this Court in an attempt to procure a review of a judgment

288

of the Sixty-Fifth Judicial District Court of El Paso County, rendered in Cause No. 52,313 in that Court. That suit involved a construction of the will of Jennie Westfall Warner, deceased, in which movants were parties. The transcript tendered to the Clerk for filing reveals that the judgment bears date of January 12, 1944 and was entered January 15, 1944. No motion for new trial was filed. W. D. Robinson filed his bond for costs on appeal on February 17, 1944. Bernice Fletcher Mitchell perfected her writ of error by filing her petition and bond therefor on March 1, 1944. Mrs. W. J. Byrnes and her husband, W. J. Byrnes, likewise perfected their writ of error by filing petition and bond therefor on March 8, 1944. Rule 363, Texas Rules of Civil Procedure. This motion was filed May 19, 1944.

█ It thus appears that whether the date of final judgment be January 12th or January 15th, W. D. Robinson's bond for costs on appeal was filed more than thirty days after the date, as required by Rule 356, Rules of Civil Procedure. The provision of this rule prescribing the time for filing such bond is mandatory and jurisdictional, and such time cannot be dispensed with or enlarged for any reason. Bruce v. San Antonio Music Co., Tex.Civ.App., 165 S.W.2d 243, writ refused.

█ It further appears that, whether the date of final judgment be January 12th or January 15th, this motion was not filed within seventy-five days after the date thereof or within seventy-five days after March 1, 1944, when Mrs. Mitchell perfected her writ of error, as required by Rule 386, Rules of Civil Procedure. This rule is also mandatory and jurisdictional, and the time prescribed for filing such motion cannot be dispensed with or enlarged. Garrett v. Mercantile Nat. Bank, Tex.Civ.App., 170 S.W. 2d 238, affirmed 140 Tex. 394, 168 S.W.2d 636.

The motion was filed within seventy-five days from March 8, 1944, when Mr. and Mrs. Byrnes perfected their writ of error. It appears from the transcript referred to that these parties filed their answer to the suit in propria persona.

The judgment recites that: "On a former day of this term of court, to-wit, January 3, 1944, came on to be heard the above styled and numbered cause. * * * And Mrs. W. J. Byrnes, joined by her husband, W. J. Byrnes * * * appeared for themselves." It further recites: "To the foregoing judgment in each and every one of its paragraphs and provisions, each and every party to this litigation in open court excepted and each and every party gave notice of appeal to the Court of Civil Appeals for the Eighth District of Texas, at El Paso." The recitation is further made in the writ of error bond that Mr. and Mrs. Byrnes excepted to the judgment.

Acts of 1939, 46th Legislature, p. 59, Vernon's Ann.Civ.Sts. Art. 2249a, Sec. 1, reads as follows:

"No party who participates either in person or by his attorney in the actual trial of the case in the trial court shall be entitled to review by the Court of Civil Appeals through means of writ of error."

█ If the effect of the above recitations is that the Byrneses participated in the actual trial of the case, then, under the above statute, they cannot obtain a review thereof by writ of error. Pryor v. Modern Mutual Health & Accident Ins. Co., Tex.Civ.App., 143 S.W.2d 221.

█ Within the purview of the statute, "The *actual trial* of a case * * * is the hearing in open court, leading up to the rendition of judgment, on the questions of law, if the case is disposed of on the questions of law, or on the questions of fact, if the final judgment is rendered on the facts." Lawyers Lloyds of Texas v. Webb, 137 Tex. 107, 152 S.W.2d 1096, 1097.

█ We think the above recitations are susceptible of no other construction than that the Byrneses participated in the actual trial of the case within the meaning of the statute. Certainly their exception to the judgment in open court was a participation in the hearing in open court on the questions of law involved leading up to its rendition.

The motion is denied.