**V. R. HYLTON, Petitioner,**

v.

**Bob BULLOCK, Respondent.**

**No. 16324.**

Court of Civil Appeals of Texas, Austin.

June 13, 1979.

Rehearing Denied July 11, 1979.

V. R. Hylton, pro se.

Mark White, Atty. Gen., Gilbert J. Bernal, Jr., Asst. Atty. Gen., Austin, for respondent.

SHANNON, Justice.

Petitioner has attempted to appeal by writ of error the order of the district court of Travis County dismissing his cause of action. The Clerk of this Court has refused to file the record tendered by petitioner and, instead, has marked the record "received." Petitioner has filed a motion requesting this Court to compel the Clerk to file the record. Respondent Bob Bullock has replied in opposition to the motion.

An examination of the transcript shows that petitioner timely tendered the record for filing as a writ of error. The same examination shows that this Court has no jurisdiction to entertain the writ, and, accordingly, the motion to compel will be overruled.

Petitioner filed suit against the respondent seeking damages. Petitioner signed the original and amended petitions and other pleadings. Likewise, petitioner signed Rule 168 interrogatories propounded to respondent.

Respondent filed a plea to the jurisdiction asserting sovereign immunity. The plea to the jurisdiction came on for hearing. Peti-

676

tioner appeared at the hearing representing himself. At the hearing, petitioner made an opening statement, cross-examined respondent's witness, called witnesses and examined them, placed his own testimony into the record, and made a closing argument.

Texas Rev.Civ.Stat.Ann. art. 2249a § 1 (1971) provides:

> "No party who participates either in person or by his attorney in the actual trial of the case in the trial court shall be entitled to review by the Court of Civil Appeals through means of writ of error."

"The *actual trial* [as used in art. 2249a § 1] of a case, as ordinarily understood by the legal profession, is the hearing in open court, leading up to the rendition of judgment, on the questions of law, if the case is disposed of on the questions of law, or on the questions of fact, if the final judgment is rendered on the facts. The statute was intended to cut off the right of appeal by writ of error of those who participate in the hearing in open court in the trial that leads to final judgment. It was not intended to cut off the right of those who discover that a judgment has been rendered against them after the judgment has been rendered, and who participate only to the extent of seeking a new trial." *Lawyers Lloyds of Texas v. Webb*, 137 Tex. 107, 152 S.W.2d 1096 (1941).

Article 2249a § 1 denying the right to appeal by writ of error when a party appeared in the trial is mandatory, jurisdictional, and cannot be waived. *Nutter v. Phares*, 523 S.W.2d 292 (Tex.Civ.App.1975, writ ref'd n. r. e.); *Thacker v. Thacker*, 496 S.W.2d 201 (Tex.Civ.App.1973, writ dism'd).

Petitioner participated, in the fullest sense, in the hearing that led to the rendition of the final judgment dismissing his cause of action. *Lawyers Lloyds of Texas v. Webb, supra*. Accordingly, review by writ of error is not available to him.

The motion is overruled.