Roy Van LEWIS et al., Appellants,

v.

Don W. BEAVER d/b/a Mid-State Industries, Appellee.

No. A2142.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Oct. 10, 1979.

Rehearing Denied Oct. 31, 1979.

Ronald E. Ferris, E. D. Christensen, Houston, for appellants.

Don F. Russell, Stephen R. Pattison, Dyche & Wright, Houston, for appellee.

Before J. CURTISS BROWN, C. J., and MILLER and PAUL PRESSLER, JJ.

MILLER, Justice.

In their petition for a writ of error, appellants Roy Van Lewis and Melba Lewis disclaim engaging the attorney who accepted service and entered into an agreed judgment, which judgment granted a lien on appellants' property and foreclosure of such lien. Appellee filed, in this court, a motion to dismiss for want of jurisdiction. Herein, we treat with the motion to dismiss as well as the petition for writ of error, and grant the motion to dismiss.

On June 30, 1978, appellant Roy Van Lewis signed a job order for certain home improvements to be accomplished on a residence at 6006 Polly in Houston.' On November 7, appellee sued in the district court of Harris County, Texas, for $16,500.00 for failure to pay for these improvements. Service was had on Attorney Terry R. Lord, purportedly representing appellants, on November 21. On November 22, an agreed judgment was entered granting appellee a lien of $16,500.00 on the residence and foreclosure of such lien. Appellee asserts that

these were friendly proceedings instituted to secure financing of the improvements. Apparently the provisions of Art. 16 § 50 of the Texas Constitution relative to homestead liens had not been complied with.

On February 16, 1979, appellants filed their petition for writ of error to which were attached affidavits asserting that they did not participate in the trial nor did they authorize any attorney or agent to participate on their behalf. To his motion to dismiss, appellee attaches an affidavit from Attorney Lord asserting that he had been hired by appellants to act as their attorney in the matter of obtaining financing.

■ Writ of error is available to an appellant only if he files his appeal within six months of entry of final judgment, [Tex. Rev.Civ.Stat.Ann. art. 2255 (Vernon 1971)]; the error asserted appears on the face of the record [*McEwen v. Harrison,* 162 Tex. 125, 345 S.W.2d 706 (1961)]; and the appellant did not participate in the actual trial of the case, [Tex.Rev.Civ.Stat.Ann. art. 2249a (Vernon 1971)]. Thus, the question to be determined is whether appellants have satisfied these tests. We hold that they have not.

Obviously, appellants met the test of timely filing.

■ The provisions of the Texas Rules of Civil Procedure are regarded as mandatory and failure to comply with such rules renders the service thereunder void and of no effect. *Hanover Mod. Homes of Taft v. Corpus Christi B. & T.,* 476 S.W.2d 97 (Tex. Civ.App.-Corpus Christi 1972, no writ). *Lemothe v. Cimbalista,* 236 S.W.2d 681 (Tex.Civ.App.-San Antonio 1951, writ ref'd).

"In . . . a writ of error proceeding, the record must affirmatively show that the court had jurisdiction of the defendant's person." *Whitney v. L & L Realty Corporation,* 500 S.W.2d 94, 95 (Tex.Sup.1973).

Rule 314, Tex.R.Civ.P., in applicable part, provides that "any person against whom a cause of action exists may, without process, appear in person or by attorney, and confess judgment therefor in open court as follows:

(a) . . .

(b) If the judgment is confessed by attorney, the power of attorney shall be filed and its contents be recited in the judgment."

No power of attorney appears in the record nor is any recitation thereof in the judgment.

Nor does anything in the record indicate that Attorney Lord had authority to accept service on behalf of the appellants. Rule 106, Tex.R.Civ.P., which provides for personal service was not complied with, and hence such service was void.

There being no personal jurisdiction of defendants under either Rule 314(b) or Rule 106, error appears on the face of the record.

Appellees' petition, filed in the trial court, asked for judgment against defendants of $16,500.00, but did not request a lien on the property and foreclosure of such lien. Both of these remedies were granted by the final judgment. Inasmuch as the judgment did not conform to the pleadings, there was error, Tex.R.Civ.P. 301, which error also appears on the face of the record.

■ However, having determined that error is apparent on the face of the record, and that the petition for writ of error has been timely filed, we must still hold that petitioners fail to meet the third test. Defendants participated in the trial of the case, *under the record,* and thus are precluded from appealing the resultant judgment by means of writ of error. No evidence appears in the record to challenge the actions of Mr. Lord as the attorney of record for the petitioners, and appellants cannot by post-trial affidavits deny his authority and thereby obtain review of the judgment by a writ of error. We may not go behind the record in this case. *Nutter v. Phares,* 523 S.W.2d 292 (Tex.Civ.App.-Beaumont 1975, writ ref'd n. r. e.).

We are mindful in making this decision of the consequences of disturbing the accepted procedure for entry of agreed judgments and the effect a contrary opinion would have on judicial efficiency in the future.

Equitable bill of review, however, is still available to appellants, and, if employed, will enable the trial court to determine at an evidentiary hearing whether, in fact, Attorney Lord was authorized by appellants to accept service and to represent them in the case.

 It should be pointed out that in order to prevail in a bill of review, appellants must allege and prove the following: (1) a meritorious defense to the cause of action, (2) which they were prevented from making by the fraud, accident or wrongful act of the appellee, (3) unmixed with any fault or negligence of their own. *Alexander v. Hagedorn,* 148 Tex. 565, 226 S.W.2d 996, 998 (1950).

Petition for Writ of Error dismissed for want of jurisdiction.