**HUI–MEI WISE, Relator,**

v.

**The Honorable John G. YATES, Judge of the 57th District Court of Bexar County, Texas.**

**No. C–1409.**

Supreme Court of Texas.

July 21, 1982.

Lewis Buttles, San Antonio, for relator.

Stephen P. Takas, San Antonio, for respondent.

PER CURIAM.

This original mandamus action was filed by Hui-Mei Wise to set aside orders denying her application for writ of habeas corpus for possession of her children and granting temporary custody to the father, Daniel

Wise. We agree that the court should have granted the writ of habeas corpus and we grant leave to file the petition for writ of mandamus. Because the trial court's orders conflict with section 14.10 of the Texas Family Code,[1] we grant the writ of mandamus without hearing oral argument. Tex. R.Civ.P. 483.

Hui-Mei and Daniel Wise were divorced on June 30, 1981, in the State of Virginia, and Hui-Mei was granted custody of their children pursuant to an agreement between the two incorporated in the divorce decree. The agreement also provides that the mother shall not remove the children from the United States without the written consent of the father.

The father, who has moved to Bexar County, Texas, asked that the children visit him in Texas. Before Christmas, 1981, the mother sent the children to the father, and agreed that the children could stay with the father until the end of the spring, 1982, school semester. On June 4, 1982, the father filed in Bexar County a petition to modify the child custody order. He also requested temporary orders. On June 14, 1982, the mother filed an application for writ of habeas corpus for return of the children.

On June 15, the trial court denied the writ of habeas corpus and entered temporary orders that Daniel Wise be appointed temporary managing conservator and that the mother not remove the children from Bexar County. The mother then filed this petition for writ of mandamus in this Court.

Attached to the father's motion to modify child custody was his affidavit. In the affidavit he stated that the mother has indicated that she will soon be moving to Taiwan, and that he believes that if the mother is allowed possession of the children she will take them with her to Taiwan. The trial court's order granting the temporary orders finds that "immediate and irreparable injury, loss, or damage as alleged will result to the safety and welfare of the children" if the orders are not entered. The mother testified that she wished to take the children to Taiwan to visit her mother. She had requested the father's consent to take the children to Taiwan, but he had refused.

Section 14.10(a) of the Family Code provides that a trial court shall compel return of the child to the relator if the realtor is entitled to possession of the child by a court order. This Court has often upheld this right to possession through its mandamus powers. *E.g., Perry v. Scoggins,* 626 S.W.2d 302 (Tex.1981).

Under section 14.10(c), a trial court may enter temporary orders in a habeas corpus proceeding if it finds that there is a serious immediate question concerning the welfare of the child. We agree with the mother, however, that the possibility that she may take the children to Taiwan is not a threat to the children's welfare as contemplated by section 14.10(c). There are no allegations that the children are in danger of physical or emotional harm.

Another exception to section 14.10(a) is section 14.10(b)(2), which allows a court in a habeas corpus proceeding to consider a motion to modify custody if "the child has not been in the relator's possession and control for at least six months immediately preceding the filing of the petition for the writ." The court did not purport to act under this section. Furthermore, the exact date the children went to visit the father in Texas is not clear. The children may have been in Texas less than six months prior to the mother's filing of the writ of habeas corpus.

The writ of mandamus shall issue only if the trial court fails to act in accordance with this opinion.

---

1. All statutory references are to Vernon's Family Code Annotated unless otherwise indicated.