**Ada P.C. JACOBSEN, Relator,**

**v.**

**The Honorable Rene HAAS, Respondent.**

**No. 13–84–447–CV.**

Court of Appeals of Texas, Corpus Christi.

Jan. 24, 1985.

Order Feb. 25, 1985.

Pamela E. George, Piro & Lilly, P.C., Houston, for relator.

Scott T. Cook, Corpus Christi, for respondent.

Before NYE, C.J., and SEERDEN and BENAVIDES, JJ.

## OPINION

SEERDEN, Justice.

This is an original mandamus proceeding brought by relator Ada Jacobsen, requesting a writ of mandamus directing the Honorable Rene Haas to grant a writ of habeas corpus returning the minor children, Jane and Jacqueline, to relator, the managing conservator. The real party in interest is Jacob Jacobsen, relator's ex-husband and possessory conservator of the minor children. The relator and her former husband were divorced on April 4, 1983 in Nueces County, Texas. The couple separated in July of 1982, and the minor children had resided with Jacob Jacobsen in Nueces County, Texas from that date until the incidents which precipitated these proceedings. The decree of divorce, by agreement, named relator the managing conservator of the children. However, by oral agreement, the minor children remained living with

Jacob Jacobsen, who was named possessory conservator by the divorce decree. In July of 1984, the managing conservator reacquired possession of the children and, subsequently, took them to her home in Toronto, Canada. In October of 1984, Jacob Jacobsen regained possession of the children and returned them to Corpus Christi, Texas. Unable to secure return of her children, on November 4, 1984, relator filed an application for writ of habeas corpus to compel return of the children to her pursuant to TEX.FAM.CODE ANN. § 14.-10 (Vernon Supp. 1984).[1] After hearing, respondent denied relator's application for writ of habeas corpus, and the action now pending before this Court ensued.

■■■ Under § 14.10(a), a court is required to grant a writ of habeas corpus if it finds that the relator is entitled to possession of a child by virtue of a court order. *Forbes v. Wettman,* 598 S.W.2d 231 (Tex. 1980). The issues of best interest of the child and right of possession should not be relitigated in the habeas corpus proceeding. *Schoenfeld v. Onion,* 647 S.W.2d 954 (Tex. 1983); *McElreath v. State,* 545 S.W.2d 955 (Tex.1977). The right of relator to possession of a child by virtue of a court order is enforceable by a mandamus. *Forbes v. Wettman,* 598 S.W.2d at 232; *Almarez v. Williams,* 673 S.W.2d 923, 926 (Tex.App.— San Antonio 1984, no writ).

In *Strobel v. Thurman,* 565 S.W.2d 238 (Tex.1978), the Court said that, under § 14.10, the writ should be granted "upon proof of the bare legal right to possession," but the Court continued as follows:

> "There are some exceptions to this use of the remedy. A writ may be denied if the prior order was 'granted by a court that lacked jurisdiction' § 14.10(b)(1), 'if the child has not been in the relator's possession for at least six months' § 14.10(b)(2), 'if there is a serious immediate question concerning the welfare of the child' § 14.10(c), or 'if the right to possession

of a child is not governed by a court order' § 14.10(e)."

A review of the evidence and testimony adduced at the habeas corpus hearing shows that there is no question but that relator was named managing conservator of the minor children and granted all the appropriate and customary rights of a managing conservator, that the court appointing such managing conservator had jurisdiction and that such court order had not been changed or modified. Jacob Jacobsen made no claim that there was a serious, immediate question concerning the children's welfare. The claim is made, however, that the children had not been in relator's possession and control for at least six months immediately preceding the filing of the petition for the writ. Section 14.10(b)(2).

■■■ In their briefs and during oral argument, the parties have made conflicting interpretations of Section 14.10(b)(2). It is Jacob Jacobsen's position that the provision is to be read to mean that the relator must be in continuous possession of the children for at least six months prior to the filing of the application for writ of habeas corpus. It is relator's position that this section means that the children must have been out of the relator's possession for a period of at least six months immediately prior to the filing of the application for writ of habeas corpus. We hold that the correct interpretation of the statute is that the children must have been out of the relator's possession continuously for more than six months immediately prior to the filing of the application for writ of habeas corpus. A review of the facts in this case indicates that the children were in the relator's possession a matter of weeks before the hearing on the application for writ of habeas corpus and that they had not been out of her possession for the entire period of six consecutive months prior to the hearing.

---

**1.** All statutory references are to TEX.FAM. CODE ANN. (Vernon Supp.1984) unless otherwise indicated.

To give this particular exception to § 14.10 the interpretation advocated by Jacob Jacobsen, we believe, would only encourage acts of kidnapping to avoid the obvious intent and effect of § 14.10(a). It is our interpretation of the statute that Section (b)(2) of 14.10 is not applicable unless it can be shown that the relator did not have possession and control of the minor children during any time during the six months immediately prior to the filing of the application for writ of habeas corpus. *See Hui-Mei Wise v. Yates,* 639 S.W.2d 460 (Tex.1982); *Henderson v. Shackelford,* 671 S.W.2d 687 (Tex.App.—Amarillo 1984, no writ); *Allen v. Allen,* 647 S.W.2d 356 (Tex. App.—El Paso 1982, no writ).

■ Under our holding, relator is entitled to issuance of a writ of habeas corpus as a matter of right. The issuance of the writ should be automatic, immediate and ministerial. *Armstrong v. Reiter,* 628 S.W.2d 439 (Tex.1982). The court with continuing jurisdiction must grant the writ of habeas corpus for delivery of possession of a child to the person with the superior right of possession without any delay for separate or simultaneous considerations of a pending motion for modification of the prior court order unless an exception under Section 14.10 is shown to exist. *Greene v. Schuble,* 654 S.W.2d 436 (Tex.1983). In light of what is said above, we hold that no exception has been shown in this case.

■ Our opinion herein does not reflect consideration of the merits of the other proceedings pending in the court below. Habeas corpus proceedings in child custody cases are governed exclusively by Section 14.10, the provisions of which are mandatory. The application of habeas corpus in child custody cases is limited to restoring possession of the children to the person legally entitled to present possession and should not be combined in this cause with the temporary custody question or in any way be used to relitigate custody. *Whatley v. Bacon,* 649 S.W.2d 297 (Tex.1983).

It is assumed that Judge Haas will vacate her order denying relator's application for writ of habeas corpus and that she will grant the requested writ. A writ of mandamus will issue only if she declines to do so.

## ORDER

This matter is now before this Court on relator's motion for rehearing and motion for immediate relief. In conjunction with these motions, the parties have filed a complete transcript to date of cause number 83–431–C styled Ada P.C. Jacobsen v. Jacob H. Jacobsen, now pending before the 94th District Court of Nueces County. The parties have also filed statements of facts for hearings held November 5, 1984, January 29, 1985, and January 30, 1985 in this cause.

We have carefully listened to the oral arguments of counsel and have reviewed all authorities and the entire records filed in connection with these motions. We find that the court's order entered and dated January 30, 1985, ordering the children be delivered to relator complies with this Court's order and opinion of January 24, 1985. This completed the proceedings related to the mandamus filed in this Court.

It has come to the attention of this Court that after making the ruling and entering the order described above, the trial court heard other matters relating to a motion for temporary orders and entered additional orders. The actions of the trial court taken subsequent to the order granting the writ of habeas corpus are not before us.

Relator's motion for rehearing and motion for immediate relief is DENIED.